# In the United States Court of Federal Claims

No. 24-890C
Filed: October 4, 2024
NOT FOR PUBLICATION

|  |
|---|
| **DEE MONBO,** *Plaintiff,* v. **UNITED STATES,** *Defendant.* |

## ORDER

The plaintiff, Dee Monbo, acting *pro se*, filed this action under the Contract Disputes Act, 41 U.S.C. § 7101 *et seq.*, on June 4, 2024. The plaintiff seeks damages for sums allegedly due under a contract with the National Library of Medicine at the National Institutes of Health for work she performed from September 2020 to September 2021.

Concurrently with the complaint and its exhibits, the plaintiff filed a motion for leave to file the complaint under seal and a motion for a protective order. The plaintiff failed to provide any explanation to support the motion to seal the complaint. Although she asserted that the complaint contained "sensitive [g]overnment [s]ource [s]election [d]ocuments" and "confidential information on Dee Monbo and her affiliates," these assertions, without more, did not explain why her complaint should be sealed.

On June 13, 2024, the Court denied the motion to seal the complaint and the motion for a protective order. The complaint remained under seal pending a motion by the plaintiff for reconsideration. If the plaintiff sought reconsideration of the denial of her motion to seal the complaint and its exhibits, she was directed "to identify with specificity the information she believes is sensitive and explain why the public release of that information would cause harm." The plaintiff was given until June 27, 2024, to seek reconsideration of the denial of the motion to seal the complaint.

On June 17, 2024, the plaintiff filed a one-page motion for reconsideration. She again asserted simply that her complaint and its exhibits contained "'confidential information' that has 'economic value' to Plaintiff and 'provides an advantage over competitors.'" She also "assert[ed] that disclosure of this confidential information 'would cause damage' to Plaintiff."

She attached to the motion a copy of a proposed redacted complaint, from which she proposes to exclude certain entire pages; she offers no explanation for her proposed redactions.[1]

On June 21, 2024, the Court reiterated that the plaintiff had failed to explain how and why the disclosure of the information she was seeking to protect would cause harm. Nonetheless, the Court held her motion in abeyance and directed the defendant to respond to the motion.

On August 12, 2024, the plaintiff filed an emergency motion to seal the complaint. She again made unexplained and unsupported assertions about the harm that would flow from the release of her pricing information on a contract that ended in 2021. On August 19, 2024, the plaintiff filed (by leave of the Court) a supplement to her motion to file under seal. Once again, she asserted "the complaint contains confidential pricing information" and "confidential proprietary trade secret and pricing information," and that "[d]isclosing confidential information to the public would cause damages to the plaintiff."

On September 24, 2024, the defendant filed its response in opposition to the plaintiff's motion to seal the complaint. In its response, the defendant did not identify any information in the complaint and its supporting exhibits that the defendant had found to require protection from public disclosure. On October 1, 2024, the plaintiff submitted her reply to the defendant's response. That reply was docketed on October 3, 2024. The motion is now fully briefed.

The Federal Circuit has held that "[t]here is a strong presumption in favor of a common law right of public access to court proceedings." *In re Violation of Rule 28(D)*, 635 F.3d 1352, 1356 (Fed. Cir. 2011) (citing *Nixon v. Warner Comms., Inc.* 435 U.S. 589, 597-99 (1978)). "This common law right enables the public to review court records, and public access to court records is essential to the preservation of our system of self-government." *Pratt & Whitney Canada Inc. v. United States*, 14 Cl. Ct. 268, 273 (1988) (citation omitted). "The right of access applies to materials submitted to [a] court in civil adjudicatory proceedings." *Id*.

The right of public access is not absolute. Rule 5.2 of the Rules of the Court of Federal Claims recognize the ability of parties to protect private or confidential information. In addition, Paragraph 4 of Appendix B of the Rules, governing procurement protests, specifically allows parties to protect from public scrutiny "confidential or proprietary information."

"In determining whether to restrict the public's access to court documents, [a] court must weigh the interests advanced by the parties in light of the public interest and the duty of the courts." *In re Violation of Rule 28(D)*, 635 F.3d at 1356 (cleaned up). Given the presumption in favor of maintaining public access to judicial records, a decision to place court records under seal

---

[1] The plaintiff also attached a copy of an order signed by Judge Roumel granting the plaintiff's motion to seal her complaint and its exhibits in *Monbo v. United States*, Case No. 23-788 (June 2, 2023). That case was, however, a bid protest, not a CDA claim. Bid protests, which involve active, ongoing procurements, are typically litigated under seal. Claims under the CDA are not, so an order placing a complaint under seal in a bid protest has no relevance to her motion in this case.

must be supported by "substantial reasons."  *Miller-Holzarth, Inc. v. United States*, 44 Fed. Cl. 153, 154 (1999).

The plaintiff has not come close to satisfying her burden, despite being advised by the Court that she needed to "to identify with specificity the information she believes is sensitive and explain why the public release of that information would cause harm" if she was to succeed on her motion.  The plaintiff simply asserts and reasserts in a conclusory manner that the information is sensitive, and its disclosure can cause her harm.  The information at issue is pricing information from a one-year contract from 2020-2021.  The plaintiff has not explained how and why the disclosure of any information from a more-than-four-years-old contract can possibly cause her a competitive injury.

The plaintiff regularly files bid protests in the court.  In such cases, filings are routinely made under seal, because they involve disputes over ongoing procurements.  The information at stake in those cases is current, and its disclosure could affect that procurement.  Cases under the CDA, however, are routinely litigated on the public record.  There is no prohibition on sealing records in CDA cases, but there is no presumption that filings in CDA need protection from disclosure.  Instead, the standard presumption of public litigation prevails in CDA claims.

In the absence of any specific explanation of the sensitivity of the information and the harm the disclosure of the information could cause beyond the unsupported and unexplained assertions made by the plaintiff to support the need to keep the plaintiff's complaint and its exhibits from being public disclosed, the plaintiff has failed to satisfy the burden the law places on her.

The plaintiff's motion to seal her complaint and the exhibits supporting her complaint is **DENIED**.  The Clerk is **DIRECTED** to unseal the complaint and exhibits promptly.

The defendant's answer to the complaint remains due by **October 11, 2024**.  The joint preliminary status report is due within 49 days of the defendant's answer, as required by ¶ 4, Appendix A, of the Rules of the Court of Federal Claims.

It is so **ORDERED.**

s/ Richard A. Hertling
**Richard A. Hertling**
**Judge**